## DWIRE v. SAUNDERS.

Proceedings, by *habeas corpus*, to obtain a discharge from the custody of a constable. The officer returned to the writ, that he held the petitioner in custody by virtue of a *capias ad respondendum*, issued by a justice of the peace; to which the petitioner replied, denying the truth of the matters charged in the affidavit on which the *capias* issued. On the trial, no proof was made of the truth of the matters charged in the affidavit, but it did appear that twenty-four hours had not elapsed since the arrest.

*Held*, that the defendant was entitled to a trial on the *capias* within twenty-four hours after being brought before the justice, and could not give special bail unless the trial was continued; and that, hence, § 111 of the code, awarding the writ of *habeas corpus* to persons under arrest for want of special bail, has no application to the case.

*Held*, also, that the plaintiff, in the *capias* proceedings, could not be required, on a writ of *habeas corpus* thus issued, to appear and prove the truth of the matters alleged in the affidavit for a *capias*.

*Tuesday,*
*December 11.*

APPEAL from an order of the judge of the *Fountain* Common Pleas, in vacation.

WORDEN, J.—The appellant sued out a writ of *habeas corpus* against *Saunders*, who returned that he held *Dwire* by virtue of a writ of *capias ad respondendum*, issued to him, as constable, by a justice of the peace, at the suit of *William McFall*. *Dwire* replied, denying the truth of the matters contained in the affidavit on which the *capias* issued.

The *capias* was issued in accordance with the provisions of § 24, p. 454, 2 R. S. 1852. No objection is made as to the sufficiency of the writ of *capias*, or the affidavit on which it issued. On the hearing, it appearing to the judge that

twenty-four hours had not elapsed from the time of *Dwire's*

arrest until the writ of *habeas corpus* issued, he was remanded to the custody of the constable; no proof being given or offered of the truth of the matters stated in the affidavit.

*Dwire* appeals, and makes the point that he should have been discharged, unless the matters charged in the affidavit on which the *capias* issued were proven.

The section of the statute above referred to makes the writ of *capias* returnable forthwith. Section 26 provides that "The defendant shall be entitled to a trial within twenty-four hours after being brought before the justice; and if the trial shall not commence within that time, the defendant shall be discharged from custody."

Section 111 of the code provides, that " When any person shall be committed to prison on an order of arrest, *for want of special bail,* he may sue out a writ of *habeas corpus,* * * * and on the return thereof, the plaintiff shall be compelled to show that the facts alleged in the affidavit, on which the defendant is held to bail, are true, or the defendant shall be discharged.

The defendant insists that this section of the code, by § 75 of the Justices' Act (2 R. S. 1852, p. 465), is made applicable to proceedings before justices, and that the provision therein made should apply to arrests on *mesne* process issued by justices. Whether this proposition be tenable or not, we need not, for the purposes of the case before us, decide, as the provision in the code has no application to this case, even if applicable to arrests made on process issued by justices. The provision extends only to cases where the party is committed to prison *for want of special bail.* Special bail, in cases before justices, is only given where the defendant obtains a continuance of the cause. We have seen that the writ is returnable forthwith, and that the defendant is entitled to a trial within twenty-four hours, or to be discharged from custody. Until appearance before the justice, and a continuance of the cause, no special bail can be given, and then if not given the defendant is to be committed to jail. 2 R. S. 1852, § 41, p. 458. Where a person is thus committed, perhaps the provisions of § 111 of the code apply. But such is not

the case here. Here the appellant being arrested, immediately seeks to be discharged on *habeas corpus*. This of course could not be done without notice to *McFall*, the plaintiff in the suit. 2 R. S. 1852, § 728, p. 196. We think it clear that, under these statutory provisions, the plaintiff in a suit can not be required on a writ of *habeas corpus* thus issued to appear and prove the truth of his affidavit. Were the writ, on which the appellant was held, void for the want of a sufficient affidavit to support it, or for any other cause, a different question would be presented; but here it seems to have been valid: it was an ample protection to the officer, and it rendered the custody and detention of the appellant legal.

We find no error in the order made below, wherefore the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. H. Mallory*, for appellant.